# In the United States Court of Federal Claims

No. 21-1387
(Filed: March 10, 2022)

**NOT FOR PUBLICATION**

```
*****************************************
CROWLEY GOVERNMENT SERVICES,     *
INC.,                            *
                                 *
             Plaintiff,          *
                                 *
v.                               *
                                 *
THE UNITED STATES,               *
                                 *
             Defendant,          *
                                 *
and                              *
                                 *
PATRIOT CONTRACT SERVICES, LLC,  *
                                 *
             Defendant-Intervenor.*
                                 *
*****************************************
```

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

    Crowley Government Services, Inc. ("Crowley") filed a bid protest on May 21, 2021, challenging a decision by the Military Sealift Command ("MSC") to award a contract for operation and maintenance of several WATSON Class ships to the incumbent contractor, Patriot Contract Services, LLC ("Patriot"). *See* Compl., ECF No. 1. In connection with its bid protest, Crowley filed a motion requesting that the Court issue the standard protective order used in bid protest cases. *See* Mot. for Protective Order, ECF No. 3. The Court granted Crowley's motion and entered the protective order on May 26, 2021. *See* Protective Order, ECF No. 13 [hereinafter Prot. Order].

    The protective order established that "certain information likely to be disclosed orally or in writing during this litigation may be competition-sensitive or otherwise protectable." Prot. Order at 1. The protective order defined "Protected Information" as "information that must be protected to safeguard the competitive process, including source selection information, proprietary information, and confidential information." *Id*. ¶ 1. The parties were allowed under the protective order to propose redactions designating certain information as protected. *Id*. ¶ 12(b). To the extent there was a disagreement on the designation of information as protected, any

party could object to another party's proposed redactions by submitting the matter to the Court for resolution. *Id*. ¶ 12(d).

The Court issued an opinion in the protest on January 18, 2022. *See* Opinion and Order, ECF No. 26. In accordance with the protective order, the Court filed its opinion under seal. *Id*. at 1 n.1. In its opinion, the Court instructed the parties to confer and file a notice with their proposed redactions to the opinion. *Id*. at 23. The parties filed such notice on February 1, 2022. *See* Notice of Proposed Redactions, ECF No. 28 [hereinafter Not.]. In the notice, the parties identified certain information that the parties agree should be redacted.[1] *Id*. at 2. However, Crowley and Patriot jointly proposed redactions of certain information concerning their respective Contractor Performance Assessment Reporting System ("CPARS") ratings, to which the government objects. *Id*. at 2-6.

With respect to the challenged redactions, Crowley and Patriot argue that the Federal Acquisition Regulation ("FAR") designates CPARS information as "source selection information because its disclosure could cause competitive harm to contractors to which it pertains." Not. at 2 (citing FAR 42.1503(d)). Specifically, they assert that disclosure of their CPARS information will allow their competitors "to present this information to procuring agencies in future competitions to encourage agencies to assign Crowley and Patriot lower ratings when evaluating their past performance records during the source selection process" and "to use this information to predict which past performance references Crowley and Patriot are more and less likely to present during competitive acquisitions and then draw inferences when developing their own proposals." *Id*. at 2-3. They further assert that disclosure of the CPARS information "would provide Crowley's and Patriot's competitors a basis to file a bid protest challenging the award based on their interpretation of Crowley's and Patriot's past performance records." *Id*. at 3. Patriot separately argues that, since it is only an intervenor in this protest, "it would be unfair to release certain negative CPARS information of Patriot that Crowley cherry-picked out of context as part of this protest." *Id.* at 3-4.

The government counters that the "proposed redactions will not safeguard the competitive process, but rather will remove Crowley and Patriot information from the opinion that the companies may consider to be unflattering[,]" which is not the purpose of permitting redactions. Not. at 4-5. The government argues that the release of Crowley's and Patriot's CPARS information contained in the opinion will not result in competitive harm because it will not provide any meaningful advantage to their respective competitors. *Id*. at 5-6. In sum, the government argues that "transparency trumps any speculative harm the parties may face from release of the information." *Id*. at 6.

There is a well-established right of access by the public to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). The ability of the public to monitor our judicial system promotes the integrity and transparency of the judicial

---

[1] The parties agreed that certain portions of the opinion located on pages 6, 8, 9, 10, and 11 should be redacted. Not. at 2. Such portions contain information relating to the quantity of key personnel proposed by Crowley and Patriot, respectively, in the instant procurement, the quantity of strengths assigned by MSC in its proposal evaluation, and portions of Patriot's proposed manning approach. The Court considered these agreed redactions and determined that they are appropriate.

process. *See DePuy Synthes Prods., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1369 (Fed. Cir. 2021). These values underpin the strong presumption of public access to judicial records. *See Baystate Techs., Inc. v. Bowers*, 283 F. App'x 808, 810 (Fed. Cir. 2008).

However, the presumption of public access is not absolute. *Nixon*, 435 U.S. at 589; *see Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (Fed. Cir. 1998) ("Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access."). Access to judicial records has been denied where disclosure of such records might harm a party's competitive standing by revealing trade secrets or other confidential business information. *Nixon*, 435 U.S. at 598. The decision regarding access to judicial records is "one best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of the particular case." *Id*. at 599. The court "enjoys considerable leeway in making decisions of this sort." *Siedle*, 147 F.3d at 10. In exercising this discretion, the court must weigh the private interests advanced by the parties against the public's interest in access to judicial proceedings. *In re Violation of Rule 28(d)*, 635 F.3d 1352, 1356-57 (Fed. Cir. 2011) (quoting *Nixon*, 435 U.S. at 602); *Baystate Techs.*, 283 F. App'x at 810. The party seeking to restrict public access to judicial records carries the burden of providing a compelling justification to overcome the presumption. *Torres Advanced Enter. Sols., LLC v. United States*, 135 Fed. Cl. 1, 4 (2017).

In this instance, the Court finds that Crowley and Patriot have sufficiently overcome the presumption favoring public access in support of the proposed redaction of their respective CPARS ratings and narratives. FAR 42.1503(d) prohibits disclosure of completed contractor performance evaluations to anyone "other than Government personnel and the contractor whose performance is being evaluated during the period the information may be used to provide source selection information." It further provides that "[d]isclosure of such information could cause harm . . . to the competitive position of the contractor being evaluated[.]" *Id*. Thus, the FAR recognizes that disclosure of CPARS information may harm the competitive positions of government contractors like Crowley and Patriot and, therefore, requires that such information be treated as confidential. Similarly, the protective order in this case defines "protected information" as "information that must be protected to safeguard the competitive process" and prohibits disclosure of "protected information" to anyone other than the Court or individuals admitted under the protective order. Prot. Order at 1-2.

While the FAR restrictions on disclosure of CPARS information apply to procuring agencies and do not apply to the Court, such restrictions support the conclusion that Crowley's and Patriot's CPARS information should be treated as protected information under the protective order. Disclosure of Crowley's and Patriot's CPARS information risks harm to their respective competitive positions, and protection of such information from public disclosure will therefore safeguard the competitive process. Additionally, when Crowley's and Patriot's interests in shielding their CPARS information from public disclosure are weighed against the public's interest in having access to such information, the Court finds that the competitive interests of Crowley and Patriot outweigh the public's interest in full access because redacting their CPARS information will not impede the public's understanding of the opinion.

For these reasons, the Court accepts the parties' proposed redactions except for certain non-substantive words which will remain unredacted to not unnecessarily impede the reader's understanding of the opinion. Subject to this exception, the following information will be redacted from the Opinion and Order issued on January 18, 2022:

- The information indicated and agreed by the parties on pages 6, 8, 9, 10, and 11; and
- The CPARS information indicated on pages 16, 17, 18, and 19.

In the Notice of Proposed Redactions to the Court's Opinion filed by the parties, the government requested that the Court add Johanna Crawford, Associate Counsel, to the public version of the opinion. The notice stated that Crowley and Patriot do not oppose this request. The Court grants this request and will add Ms. Crawford to the public version of the opinion accordingly.

The Court has incorporated the above identified redactions into the contemporaneously filed public version of the Opinion and Order.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz  
THOMPSON M. DIETZ, Judge